# Third District Court of Appeal

## State of Florida

Opinion filed January 28, 2026.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-277
Lower Tribunal No. F20-4475B

————————————

**Dyron Tucker,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOGUE, and GORDO, JJ.

LOGUE, J.

Dyron Tucker appeals his convictions and sentences for attempted

strongarm robbery, a third-degree felony, and the lesser included offense of burglary of an occupied dwelling, a second-degree felony.[1] We affirm Tucker's convictions without further comment but write only to address the affirmance of his sentences.

Tucker contends the trial court violated his Sixth and Fourteenth Amendment rights by sentencing him as a prison releasee reoffender ("PRR") and a violent career criminal ("VCC"), asserting that under <u>Erlinger v. United States</u>, 602 U.S. 821 (2024), a jury, not the trial court, must determine whether the State established beyond a reasonable doubt that he qualifies as both a PRR and VCC.

Here, during the sentencing hearing, the State called as a witness a fingerprint analyst with Miami-Dade Corrections. During her testimony, the Time and Crime Report for Tucker was introduced into evidence. Other

---

[1] While Tucker's appeal was pending, the United States Supreme Court decided <u>Erlinger v. United States</u>, 602 U.S. 821 (2024). Prior to filing his initial brief in this appeal, Tucker filed in the lower tribunal a motion to correct sentencing under Florida Rule of Criminal Procedure 3.800(b)(2). In his motion, he asserted his sentence was unlawful under <u>Erlinger</u> because the trial court, not a jury, determined that he met the requirements for designation as a prison releasee reoffender ("PRR") and a violent career criminal ("VCC"). Tucker requested that the trial court grant the motion and order a resentencing hearing without the PRR and VCC enhancements. The trial court denied Tucker's 3.800(b)(2) motion, and then, Tucker filed his initial brief.

exhibits, including certified judgments and convictions and a non-pardon letter from the Office of Executive Clemency, were also introduced into evidence. The defense did not specifically contend that any of the crimes in the report were not Tucker's or that any of the dates were incorrect. At the hearing, Tucker's counsel conceded that Tucker qualified as a PRR because the evidence provided "would allow [the trial court] to make the finding that he was released within three years of this offense being committed." Further, the evidence presented below demonstrated that Tucker qualified as a violent career criminal under section 775.084(1)(d), Florida Statutes, and the trial court made specific findings as to which prior convictions it relied on in finding that Tucker qualified as a VCC.

Thus, based on the record before this Court, without reaching the merits of his argument, we affirm Tucker's sentences because error, if any, was harmless beyond a reasonable doubt. See Jett v. State, No. 1D23-3158, 2025 WL 3534090, *1 (Fla. 1st DCA Dec. 10, 2025) (affirming without addressing merits of argument relating to Erlinger where "[b]ased on the uncontroverted evidence, any error in not submitting the PRR determination to a jury was harmless beyond a reasonable doubt," noting, among other things, that the State introduced a certified copy of the Department of Corrections Crime and Time Report, which reflected that "Jett was released

3

from prison less than one month before committing the burglary in this case," and the "State's fingerprint analysis expert testified that the fingerprints on the [Crime and Time Report] matched Jett's fingerprints").[2]

---

[2] See also Flournoy v. State, 415 So. 3d 806, 808 (Fla. 2d DCA 2025) (holding that "assuming that the trial court erred by making the findings necessary to impose the [habitual felony offender] and PRR enhancements, rather than leaving those findings to the jury, the error was harmless," where the State met its "burden to prove beyond a reasonable doubt that the jury's failure to make the necessary findings for application of the [habitual felony offender] and PRR enhancements did not contribute to Flournoy's sentence" because, among other things, Flournoy's certified department of corrections packet, "which detail[ed] all of his prior offenses and release dates, was filed below and is contained in [the appellate] record"; "Flournoy did not dispute his prior record or release dates at sentencing"; and "defense counsel conceded at sentencing that Flournoy qualified for the PRR enhancement"); Moore v. State, 418 So. 3d 829 (Fla. 3d DCA 2025) (affirming based on harmless error beyond a reasonable doubt, citing, in part, to Flournoy and Jackson v. State, 410 So. 3d 4, 11 (Fla. 4th DCA 2025)); Jackson, 410 So. 3d at 11 (finding Erlinger error but concluding it "was harmless beyond a reasonable doubt" where the State "introduced evidence of the convictions, their dates, the dates of release from prison, and the fact that appellant had not been pardoned or any convictions set aside"; "[a]n examination of the qualifying felonies showed that none were convictions pursuant to section 893.13, Florida Statutes"; Jackson "did not object to any of the State's evidence, did not introduce any contrary evidence, and made no argument against the application of the HFO enhancement"); Moore v. State, No. 5D24-1271, 2025 WL 3491647, *1 (Fla. 5th DCA Dec. 5, 2025) ("Appellant claims that having the judge rather than a jury determine the underlying facts of whether he qualified for designation and sentencing as a Habitual Violent Felony Offender pursuant to section 775.084(1)(b), Florida Statutes, is contrary to Erlinger . . . , and thus unconstitutional. We affirm on this issue because *if* there was any error regarding the application of Erlinger, the record before this Court demonstrates conclusively that it was harmless error."); Gray v. State, 422 So. 3d 1289 (Fla. 6th DCA 2025) (affirming without deciding whether sentence is unconstitutional under Erlinger because any error was harmless); see also Erlinger, 602 U.S. at 850 (Robert,

Affirmed.

---

C.J., concurring) ("[V]iolations of th[e] right [to have a jury determine beyond a reasonable doubt whether a defendant's predicate offenses were committed on different occasions under the Armed Career Criminal Act] are subject to harmless error review.").

5